NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JODY R.O. CARR, | No. 17-35317 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00125-BLW |
| v. | |
| CARLYN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Idaho state prisoner Jody R.O. Carr appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (summary judgment for

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to exhaust administrative remedies); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Carr's claims against Whinnery, Williams, Mallet, Valley, Link, Carter, and Aiello because Carr did not exhaust these claims prior to filing this action and failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (to properly exhaust, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . .").

The district court properly granted summary judgment on Carr's claims against Maddox and Woodland because Carr failed to raise a genuine dispute of material fact as to whether the regulations these defendants followed were not reasonably related to a legitimate penological interest. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (prison regulations may impinge on an inmate's right to send and receive mail if reasonably related to a legitimate penological interest);

2                                                                17-35317

*see also Beard v. Banks*, 548 U.S. 521, 529 (2006) (explaining factors relevant to determining the reasonableness of a particular regulation).

However, the district court erred in granting summary judgment for failure to exhaust on Carr's claims against Higgins and Mechtel. Carr provided evidence that prison staff prevented him from exhausting his claim against Higgins by refusing to collect his concern forms. The record also shows that when Carr tried to exhaust his claim against Mechtel, the grievance coordinator rejected two of his grievances on the ground that his concern was "not grievable." This evidence was sufficient to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to Carr as to these claims. *See Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (administrative remedies are unavailable when administrative procedures "operate[] as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates."). We reverse the judgment in part, and remand for further proceedings on these claims only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Carr's motion to file a supplemental reply brief (Docket Entry No. 34) is

17-35317

granted.  The Clerk shall file Carr's supplemental reply brief at Docket Entry No.
33.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**